IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UMAR CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:20-cv-825-ECM-JTA |
| | ) |
| CAPITAL ONE AUTO FINANCE, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Umar Clark ("Plaintiff"), proceeding *pro se*, commenced this Fair Debt Collection Practices Act suit by filing a complaint on October 13, 2020.  (Doc. No. 1.) This action was referred to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636. (Doc. No. 4.)

Upon review of the complaint, the court finds that this case should be transferred to the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a).

**I. INTRODUCTION**

In his complaint, Plaintiff alleges violations of the Fair Debt Collection Practices Act by Capital One Auto Finance, and claims he suffered financial injury and emotional distress as a result thereof.  (Doc. No. 1.)  Plaintiff alleges Capital One Auto Finance committed 26 consumer rights violations against him, from May 30, 2018, to the present,

and seeks "an apology, monetary compensation [in the amount of $250,000]. . . , [a] title lien free, and a deletion from all consumer reports. (*Id*. at 4-5.) Plaintiff alleges the events giving rise to his claim occurred in Atlanta, Georgia, and alleges Capital One Auto Finance is incorporated under the laws of Texas with its principal place of business in Texas. (*Id*. at 4.). In addition, Plaintiff provides a Plano, Texas address for Capital One Auto Finance. (*Id*. at 2; Doc. No. 1-2 at 6-7; Doc. No. 1-3; Doc. No. 1-4.)

## II.  DISCUSSION

Venue for civil actions is governed by 28 U.S.C. § 1391(b), which provides that a

> civil action may be brought in — (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]" 28 U.S.C. § 1404(a). Such transfers may be made *sua sponte* by the district court. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011); *see also* 28 U.S.C. § 1406(a) (directing a district court to dismiss or transfer an action to an appropriate venue if it determines that the action was filed in the wrong district).

Here, based upon Plaintiff's allegations, it appears the Eastern District of Texas is the judicial district in which Capital One Auto Finance is subject to the court's personal jurisdiction with respect to Plaintiff's claim. Plano, Texas, is located in the Eastern District

of Texas. *See* 28 U.S.C. § 124. There is no allegation that the events giving rise to Plaintiff's claim occurred in this district. Nor is there an allegation that Capital One Auto Finance, for purposes of venue, resides in this district or can be found here. Neither the private interests of the litigants nor the public interest in the administration of justice is even minimally advanced by venue being maintained in the Middle District of Alabama. Accordingly, the court concludes that in the interest of justice this case should be transferred to the United States District Court for the Eastern District of Texas for review and disposition.[1]

### III.  CONCLUSION

In light of the foregoing and in accordance with applicable federal law, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Eastern District of Texas in accordance with the provisions of 28 U.S.C. § 1404(a).

It is further

ORDERED that **on or before March 17, 2021**, Plaintiff may file objections to this Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Plaintiff is advised that frivolous, conclusive, or general objections to the Recommendation will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

---

[1] In transferring this case, the court makes no determination with respect to the merits of the claims presented in the complaint.

Failure to file a written objection to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of these legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 2nd day of March, 2021.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE